UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| OSCAR TURNER, JR. | CIVIL ACTION NO. 21-3417 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| WALMART, LLC, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Motion for Summary Judgment (Record Document 16) and a Motion to Strike Plaintiff's Affidavit (Record Document 23) filed by Defendants, Wal-Mart, Inc. and Wal-Mart Louisiana, LLC (collectively "Defendants"). Defendants seek summary judgment as to all claims made against them by Plaintiff Oscar Turner, Jr. Plaintiff opposed the Motion for Summary Judgment and attached an affidavit thereto. See Record Document 19. Defendants replied to Plaintiff's Opposition (Record Document 22) and moved to strike Plaintiff's Affidavit (Record Document 23). Plaintiff opposed Defendants' Motion to Strike. See Record Document 25. For the reasons set forth below, the Motion to Strike is **GRANTED**, and the Motion for Summary Judgment is **GRANTED**.

**FACTUAL AND PROCEDURAL BACKGROUND**

This is a negligence action brought by Plaintiff Oscar Turner, Jr., concerning an accident that occurred at a Wal-Mart store located at 9550 Mansfield Road in Shreveport, Louisiana. See Record Document 16-2 at 1. On January 6, 2020, Plaintiff and his mother-in-law went to the Shreveport Wal-Mart store to purchase new tires for Plaintiff's mother-in-law's car. See Record Document 19 at 1. Plaintiff testified that a Wal-Mart employee told Plaintiff that they were unable to remove the lug nuts from two of the car's tires. See Record Document 16-2 at 2. The employee then encouraged Plaintiff to attempt to

remove the lug nuts himself, to which Plaintiff apparently agreed. See id. at 2. The employee asked Plaintiff to accompany him into the service bay area, where the employee handed Plaintiff a lug wrench. See id. Plaintiff testified that he placed the lug wrench on the lug nut and applied pressure using his body weight, but the wrench slipped, causing Plaintiff to fall. See id. Plaintiff claimed that he was injured because of the fall, and thus brought the present action for negligence against Defendants. See id. at 3.

After the action's removal to this Court, Defendants filed a Motion for Summary Judgment, asserting no genuine issue of material fact exists as to the duty element of Plaintiff's claim. See Record Document 16. Defendants argue that the danger to Plaintiff in removing the lug nuts was open and obvious, and therefore Defendants owed no duty to Plaintiff, precluding Plaintiff's recovery on the negligence claim. See id. Plaintiff filed an Opposition to Defendants' Motion for Summary Judgment and attached an Affidavit in support, in which Plaintiff argues that he "never agreed to assume the risk of attempting to remove the over tightened lug nuts." See Record Document 19 at 4. Defendants subsequently filed a Motion to Strike Plaintiff's Affidavit, contending that the Affidavit was inconsistent with Plaintiff's deposition testimony and a mere sham that could not be used to create a genuine issue of material fact. See Record Document 23. Plaintiff opposed Defendants' Motion to Strike, stating that the Affidavit was neither self-serving nor false. See Record Document 25.

**LAW AND ANALYSIS**

**I.    Summary Judgment Standard**

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure when "there is no genuine dispute as to any material fact and the movant is

entitled to judgment as a matter of law." Quality Infusion Care, Inc. v. Health Care Serv. Corp., 628 F.3d 725, 728 (5th Cir. 2010). "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. "Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Patrick v. Ridge, 394 F.3d 311, 315 (5th Cir. 2004). If the movant demonstrates the absence of a genuine dispute of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir. 2004). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir. 2005).

"In considering a motion for summary judgment, a district court must consider all the evidence before it and cannot disregard a party's affidavit merely because it conflicts to some degree with an earlier deposition." Kennett-Murray Corp. v. Bone, 622 F.2d 887, 893 (5th Cir. 1980). "Thus, a genuine issue can exist by virtue of a party's affidavit even if it conflicts with earlier testimony in the party's deposition." Id. However, a party cannot "defeat a motion for summary judgment using an affidavit that impeaches, without explanation, sworn testimony." S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 495 (5th Cir. 1996). Thus, "when the sole evidence purporting to create a genuine issue of material fact and thus to preclude summary judgment is an affidavit that conflicts with deposition testimony, [the courts] have required an explanation of that conflict." Copeland v.

3

Wasserstein, Perella & Co., 278 F.3d 472, 482 (5th Cir. 2002). Where the "affidavit does far more than simply supplement the previous sworn deposition," the affidavit will be precluded from creating an issue of material fact. S.W.S. Erectors, Inc., 72 F.3d at 495.

## II.     Defendants' Motion to Strike Plaintiff's Affidavit

As argued in Defendants' Motion to Strike, Plaintiff's Affidavit, provided in support of Plaintiff's Opposition to the Motion for Summary Judgment, contains several inconsistencies from Plaintiff's sworn deposition testimony. See Record Document 23. First, in the Affidavit, Plaintiff avers that "he did not…agree with defendant, Wal-Mart to attempt to remove the lug nut from his mother-in-law's vehicle." See Record Document 19-1 ¶10. However, in Plaintiff's deposition, taken on November 4, 2021, Plaintiff testified that the Wal-Mart employee "asked [Plaintiff] to take [the lug nut] off," and that Plaintiff proceeded to do just that. See Record Document 16-4 ¶23:8–9. Further, in the Affidavit, Plaintiff states that the lug wrench was "defective." See Record Document 19-1 ¶11. In contrast, when asked in his deposition if he knew if the wrench was defective in any way, Plaintiff responded, "I don't know." See Record Document 16-4 ¶22:16. Finally, in Plaintiff's Affidavit, Plaintiff claims that he "made a mistake by stating that he had taken lug nuts off tires a thousand times"; rather, Plaintiff testifies that "[h]e has taken lug nuts off many times, but nowhere near a thousand times." See Record Document 19-1 ¶14. In Plaintiff's deposition, Plaintiff previously testified that he had taken lug nuts off tires "[p]robably a thousand times." See Record Document 16-4 ¶24:18. Defendants assert that these statements in Plaintiff's Affidavit contradict Plaintiff's prior sworn testimony without explanation and therefore must be struck.

4

An affidavit containing assertions that are contradictory, without explanation, to sworn deposition testimony may be struck. See S.W.S. Erectors, Inc., 72 F.3d at 495. In Adams Family Tr. v. John Hancock Life Ins. Co., 2010 WL 3256381, at *7 (W.D. La. 2010), aff'd, 424 F. App'x 377 (5th Cir. 2011), this Court held that an affidavit could not defeat a motion for summary judgment where the affidavit affirmatively contradicted the plaintiff's own testimony. In her prior testimony, the plaintiff in Adams Family Tr. stated that she "did not recall" whether she received certain documents; however, in the subsequent affidavit, plaintiff averred that she had never received the documents. Id. at *7. Because the affidavit contradicted earlier testimony without explanation, this Court disregarded the affidavit. See id. Similarly, in Free v. Wal-Mart Louisiana, L.L.C., 815 F. App'x 765, 766–67 (5th Cir. 2020), the Fifth Circuit, in an unpublished opinion, held that this Court properly struck an affidavit that, without explanation, conflicted with prior deposition testimony. The plaintiff in Free changed her recollection of key conversations, in a manner that constituted more than mere supplementation of prior testimony. See id. The court concluded that the district court was therefore reasonable in its application of the sham affidavit doctrine, and the affidavit was properly stricken. See id. at 767.

In the present case, Plaintiff's Affidavit contains contradictions to prior sworn deposition testimony, without adequate explanation as to the changes. The only explanation Plaintiff provided concerns the statement that he has removed lug nuts "a thousand times"; Plaintiff's Affidavit states that Plaintiff was "figuratively speaking" and that he made a mistake by exaggerating during the deposition. See Record Document 19-1 ¶14. However, with respect to the claims in the Affidavit that the lug wrench was "defective" and that Plaintiff did not agree to remove the lug nuts, Plaintiff merely states

5

that his Affidavit is "true and correct" and not "self servicing." See Record Document 25. Thus, Plaintiff does not provide the requisite explanation for the apparent contradictions between his deposition testimony and the Affidavit. As a result, Defendants' Motion to Strike is **GRANTED**, and Plaintiff's Affidavit may not be used to create a genuine issue of material fact at the summary judgment stage.

### III.    Plaintiff's Negligence Claim

Defendants move for summary judgment on the grounds that Defendants owed no duty to Plaintiff. See Record Document 16. Under Louisiana's duty-risk formulation for negligence liability, Plaintiff must prove five elements:

> (1) the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) the defendant's substandard conduct was a cause in fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and (5) the actual damages (the damages element).

Lemann v. Essen Lane Daiquiris, 923 So. 2d 627, 633 (La. 2006). In this analysis, the duty element is the "threshold issue." Id. Whether a duty is owed is a question of law. See Peterson v. Gibraltar Savings and Loan, 733 So.2d 1198, 1204 (La. 1999); Mundy v. Dep't of Health and Hum. Res., 620 So.2d 811, 813 (La. 1993); Faucheaux v. Terrebonne Consol. Gov't, 615 So.2d 289, 292 (La. 1993). "Simply put, the inquiry is whether the plaintiff has any law—statutory, jurisprudential, or arising from general principles of fault—to support his claim." Faucheaux, 615 So.2d at 292.

Louisiana courts "have recognized that defendants generally have no duty to protect against an open and obvious hazard." Pryor v. Iberia Par. Sch. Bd., 60 So. 3d

594, 596 (La. 2011). "If the facts of a particular case show that the complained-of condition should be obvious to all, the condition may not be unreasonably dangerous, and the defendant may owe no duty to the plaintiff." Id. Ultimately, "[i]t is the court's obligation to decide which risks are unreasonable based upon the facts and circumstances of each case." Id.

In Caserta v. Wal-Mart Stores, Inc., 90 So. 3d 1042, (La. 2012), the Supreme Court of Louisiana analyzed a fact pattern strikingly similar to the one at issue here. In Caserta, the plaintiff Caserta brought his truck to a Wal-Mart location to have new tires placed on the vehicle; however, the Wal-Mart employees could not remove the lug nuts on the vehicle. See id. at 1043. At Caserta's request, an employee brought Caserta into the service area, gave him a lug wrench, and allowed him to attempt to remove the lug nuts himself. See id. When Caserta attempted to remove the lug nut, it snapped and caused Caserta to injure himself. See id. The court emphasized that Caserta admitted that he had used his full body weight to attempt to remove the lug nut and that he conceded the wrench was not defective nor did it break. See id. Thus, the court held that "any risk from attempting to remove the frozen lug nut should have been obvious to plaintiff, and could have been avoided through the use of ordinary care." Id. The court therefore held that the defendants owed no duty to the plaintiff. See id.

This Court finds the decision in Caserta controlling here. Plaintiff argues in his Opposition to the Motion for Summary Judgment (Record Document 19) that Caserta is factually distinguishable from the present case; however, these differences do not persuade this Court to depart from the conclusion in Caserta. Although the plaintiff in Caserta was a machinist who more regularly used lug wrenches and serviced cars, the

Plaintiff in the present case testified in his deposition that he has worked on—and removed lug nuts from—many cars in the past. See id. at 1042; see also Record Document 16-4 ¶24:12–21. Further, like the plaintiff in Caserta, Plaintiff willingly entered the service area of the store and attempted to remove the lug nuts from the car himself. See Record Document 16-2 at 2. Whether or not Plaintiff's actions were the result of a "bilateral" or "unilateral" agreement with a Wal-Mart employee has no effect on the ultimate fact that Plaintiff attempted to remove the lug nuts himself. See Record Document 19 at 3. Thus, as in Caserta, the risk of removing the lug nuts from the car should have been obvious to Plaintiff and therefore avoided through the use of ordinary care. See Caserta, 90 So.3d at 1042. Because the risk here was open and obvious, Defendants owed no duty to Plaintiff. Thus, no genuine issue of material fact exists as to an essential element of Plaintiff's claim. Thus, Defendants' Motion for Summary Judgment is **GRANTED**, and Plaintiff's claim is therefore dismissed with prejudice.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Strike is **GRANTED**, and Defendants' Motion for Summary Judgment is **GRANTED**.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 23rd day of September, 2022.

S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT